COURT OF APPEALS
DECISION
DATED AND FILED

August 27, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1844-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF406

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DAVID LAJARI JACKSON,

    DEFENDANT-APPELLANT.

       APPEAL from a judgment of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

       Before White, C.J., Geenen and Colón, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. David Lajari Jackson appeals a judgment convicting him of one count of possession with intent to deliver more than forty grams of cocaine and two counts of being a felon in possession of a firearm. Jackson argues that the circuit court erred by denying his motion to suppress evidence based on a challenge to the search warrant for one of Jackson's apartments. Specifically, Jackson argues that the affidavit submitted in support of the search warrant did not establish probable cause for the search. Upon review, we affirm.

## BACKGROUND

¶2 On January 20, 2020, Milwaukee Police Officer James Filsinger applied for a search warrant to search an apartment on South 15th Street. The warrant was primarily based on information Milwaukee police obtained from a confidential informant (the CI) who identified Jackson as a drug trafficker. The affidavit described Officer Filsinger's experience and training, six specific controlled buys between the CI and Jackson, the CI's descriptions of Jackson's cars and three possible residences, Milwaukee police's ongoing investigation of Jackson, and a description of the evidence they sought.

¶3 According to the criminal complaint, Milwaukee police executed the search warrant on January 23, 2020, after observing Jackson leave the 15th Street apartment. Police recovered cocaine, drug paraphernalia, two firearms, and multiple documents identifying Jackson, among other things. Police subsequently arrested and charged Jackson with one count of possession with intent to deliver more than forty grams of cocaine and two counts of being a felon in possession of a firearm.

¶4     Jackson moved to suppress the evidence obtained from the 15th Street apartment on the grounds that the search warrant lacked probable cause to search the premises.  Specifically, he argued that the supporting affidavit failed to demonstrate a nexus between the crimes alleged in the affidavit and the place to be searched.  As relevant to this appeal, Jackson argued that the affidavit failed to establish:  how Jackson was identified as the seller during the controlled buys; how any alleged sales were tied to the 15th Street apartment; whether DMV records verified Jackson as the owner of the cars described by the CI; and an overall lack of credible information tying Jackson to the apartment.

¶5     The circuit court ultimately denied Jackson's request to suppress the evidence obtained from the 15th Street apartment.  The court identified information in the affidavit supporting the CI's reliability, information connecting Jackson to the cars described in the affidavit (specifically, a Nissan Altima), and Jackson's connection to the apartment, including the CI's observation that Jackson was at the apartment seventy-two hours before the issuance of the warrant.  The court alternatively determined that, even if the affidavit was insufficient to establish probable cause, the good-faith exception to the exclusionary rule applied.

¶6     Jackson ultimately pled guilty to the charges.  The circuit court imposed and stayed prison sentences for each conviction and placed Jackson on probation.  The court granted Jackson's motion to stay a term of confinement imposed as a condition of supervision pending appeal.  This appeal follows.[1]

---

[1] "Ordinarily, a guilty plea waives all nonjurisdictional defects and defenses." *State v. Conner*, 2012 WI App 105, ¶15, 344 Wis. 2d 233, 821 N.W.2d 267 (citation omitted). "However, '[a] narrowly crafted exception to the rule exists,' 'which permits appellate review of an order denying a motion to suppress evidence, notwithstanding a guilty plea.'" *Id.* (alteration in original; citation omitted); WIS. STAT. § 971.31(10).

**DISCUSSION**

¶7     The Fourth Amendment requires that a search warrant must be supported by probable cause and must particularly describe the place or places to be searched. *State v. Gralinski*, 2007 WI App 233, ¶¶14-15, 306 Wis. 2d 101, 743 N.W.2d 448; WIS. STAT. § 968.12(1) (2021-22).[2]     To satisfy the Fourth Amendment's probable cause requirement, the magistrate who issues the warrant must be "apprised of sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that the objects sought will be found in the place to be searched." *State v. Starke*, 81 Wis. 2d 399, 408, 260 N.W.2d 739 (1978).  The magistrate may draw reasonable inferences from the evidence presented in the affidavit.  *State v. Benoit*, 83 Wis. 2d 389, 399, 265 N.W.2d 298 (1978).  "The defendant bears the burden of proving insufficient probable cause when challenging a search warrant." *State v. Jones*, 2002 WI App 196, ¶11, 257 Wis. 2d 319, 651 N.W.2d 305.

¶8     To satisfy the Fourth Amendment's particularity requirement, "[a] warrant must sufficiently describe the place to be searched so that the officer 'can with reasonable effort ascertain and identify the place intended.'" *State v. Jackson*, 2008 WI App 109, ¶¶8-9, 313 Wis. 2d 162, 756 N.W.2d 623 (citation omitted).  Whether a warrant satisfies constitutional requirements presents an issue of law that we review *de novo*. *State v. Pinder*, 2018 WI 106, ¶24, 384 Wis. 2d 416, 919 N.W.2d 568.  However, we accord great deference to a warrant-issuing magistrate's probable cause determination.  *State v. DeSmidt*, 155 Wis. 2d 119,

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

132, 454 N.W.2d 780 (1990). We will uphold the probable cause determination unless the defendant establishes that the facts asserted in support of the warrant are clearly insufficient to support probable cause. *State v. Ward*, 2000 WI 3, ¶21, 231 Wis. 2d 723, 604 N.W.2d 517. In the search warrant context, to find probable cause the issuing magistrate must make a practical, commonsense decision that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *DeSmidt*, 155 Wis. 2d at 131. Whether probable cause exists is determined by analyzing the totality of the circumstances. *Id.*

¶9 There is no bright-line rule for determining whether there is probable cause to search a particular location for a given item. The inquiry is simply whether it is "reasonable to believe in the circumstances" that the evidence "is likely to be in a particular location." *State v. Tompkins*, 144 Wis. 2d 116, 125, 423 N.W.2d 823 (1988). The inquiry may, and often does, rest on reasonable inferences from the facts presented. *Ward*, 231 Wis. 2d 723, ¶28.

¶10 Both parties cite *State v. Sloan*, 2007 WI App 146, 303 Wis. 2d 438, 736 N.W.2d 189, to support their positions. Jackson contends the evidence presented in the search warrant affidavit was insufficient to establish probable cause to search the 15th Street apartment. Specifically, he contends that there was insufficient evidence to demonstrate a nexus between Jackson, the apartment, and the crimes alleged in the affidavit. We disagree.

¶11 In *Sloan*, police obtained a search warrant to search the Wisconsin residence identified as the return address, along with Sloan's name, on a package containing marijuana that Sloan deposited at a post office for delivery to himself at an address located out of state. *Id.*, ¶¶2-5. We determined that the search warrant affidavit "did not establish probable cause to believe a nexus existed between the

items sought and the residence searched" because there were no averments that would connect the Wisconsin residence to be searched with Sloan's possession of marijuana at the post office when he deposited the marijuana for delivery out of state. *Id.*, ¶¶1, 29-38. "[C]ritical to our analysis" was the fact that the affidavit did not provide any reason to believe that "Sloan is, or has recently been, engaged in any criminal activity at" the Wisconsin residence. *Id.*, ¶31. Significantly, nothing in the affidavit suggested that Sloan, or that anyone else associated with the Wisconsin residence, was involved in manufacturing or distributing drugs. *Id.*, ¶¶31-38.

¶12 Here, the search warrant contained information related to six controlled buys between the CI and Jackson. While Jackson contends that some of the information was "stale" and lacked a connection to the 15th Street apartment, we agree with the circuit court that the information established the CI's credibility and was reflective of police's ongoing monitoring of Jackson. The affidavit explained that officers searched the CI before the buy, gave the CI money, conducted surveillance of the CI as the CI met with Jackson in either the Nissan Altima or another car, and then re-searched the CI, taking possession of the suspected cocaine from the CI. Each time, the officers reported that Jackson stopped the car and left the area after the CI exited the car. Each time, the package that the CI provided tested positive for the presence of cocaine. The CI also provided Jackson's phone number, which police confirmed by monitoring the CI's six calls to that number to negotiate cocaine sales. Based on the information provided in the affidavit, the magistrate who issued the warrant could reasonably infer that Jackson was engaged in criminal activity.

¶13 As to the 15th Street apartment, the CI told police that Jackson shuffled between three residences, including the 15th Street apartment, which

police were able to confirm. Police confirmed the CI's claim that Jackson drove a silver Nissan Altima, documenting several occasions when police observed Jackson driving the car. Police also confirmed that the Altima was registered to a parking spot at the 15th Street apartment. In December 2019, one month before officers executed the search warrant, officers used the CI to conduct two controlled buys with Jackson. On both occasions, the CI got into the Altima after Jackson stopped at an intersection near South 15th Street. Moreover, within seventy-two hours of the search warrant application, the CI saw Jackson at the South 15th Street apartment. Based on all of the facts presented in the affidavit, it was reasonable for the magistrate to infer that evidence of criminal activity would be found at the 15th Street apartment.

¶14    Alternatively, we agree with the circuit court that the good-faith exception is applicable in this case. The good-faith exception applies when "officers act in objectively reasonable reliance upon the warrant, which had been issued by a detached and neutral magistrate." *State v. Eason*, 2001 WI 98, ¶74, 245 Wis. 2d 206, 629 N.W.2d 625. To apply the good-faith exception, the State must show that the process used for obtaining the search warrant included significant investigation and "a review by a police officer trained in, or very knowledgeable of, the legal vagaries of probable cause and reasonable suspicion, or a knowledgeable government attorney." *Id.*, ¶63. The *Eason* court also considered whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization, which would render the officers' reliance on the warrant unreasonable. *Id.*, ¶66.

¶15    With this framework in mind, we conclude that the circuit court correctly determined that the good-faith exception applied to this case. First, the affidavit described an investigation that spanned five to six months, included six

7

controlled buys, and included surveillance at multiple locations. Second, the warrant reflects that an assistant district attorney reviewed and approved the search warrant affidavit, satisfying the requirement that a knowledgeable government attorney review the affidavit. *See id.*, ¶63. Finally, the affidavit was not so facially deficient that a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. As the circuit court noted, "a trained police officer would not know that the search was illegal given the amount of investigation and the nature of the investigation, specifically that there had been observation of Mr. Jackson leaving that 15th Street apartment and going to a controlled buy." Accordingly, we agree with the circuit court that even if the warrant lacked probable cause to search the 15th Street apartment, the good-faith exception is applicable to the facts of this case.[3]

¶16 For the foregoing reasons, we affirm the circuit court.[4]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5

---

[3] We also note that Jackson does not address the State's argument regarding the good-faith exception in his reply brief. We take this as a concession that even in the absence of sufficient probable case, the good-faith exception is applicable in this case. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that failure by appellant to respond in reply brief to an argument made in respondent's brief may be taken as a concession).

[4] To the extent that the parties make arguments that we do not address, we decline to address these issues because our decision regarding the sufficiency of the affidavit and the good-faith exception are dispositive of this case. *See Village of Slinger v. Polk Props., LLC*, 2021 WI 29, ¶26 n.12, 396 Wis. 2d 342, 957 N.W.2d 229 (explaining that we decide cases "on the narrowest possible ground" and do not reach issues we need not reach).